Adam Hauf (State Bar No. 026702)
**THE LAW OFFICE OF ADAM HAUF**
4225 W. Glendale Ave., Suite a104
Phoenix, AZ 85051
P: (623) 252-0742 F: (623) 321-2310
admin@hauflaw.com
Attorney for Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br> COURTNEY LAGE, <br> Debtor. | Case No. **2:13-bk-21628-PS** <br> Adv. No. **2:14-ap-00264-PS** |
| WILLIAM P. LAGE, III <br> Plaintiff, <br> v. <br> COURTNEY B. LAGE, <br> Defendant. | **In Proceedings Under Chapter 7** <br><br> **RESPONSE TO DEFENDANT'S MOTION IN OPPOSITION TO PLANTIFF'S MOTION FOR SUMMARY JUDGEMENT** |

William P. Lage, III (the "Plaintiff") hereby responds, through undersigned counsel, to Defendant's Motion in Opposition to Plaintiff's Motion for Summary Judgment. Specifically, Defendant's motion actively avoids any in-depth discussion of the merits of Plaintiff's legal arguments, instead focusing exclusively on a procedural issue. Furthermore, the procedural argument fails; thus, Defendant cannot defeat the conclusion that the undisputed facts and law support the relief sought by the Plaintiff. Plaintiff therefore requests that the Court expeditiously, and without further delay, or cost to judicial economy, grant Plaintiff's Motion for Summary Judgment.

# I. RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A. <u>No Genuine Issue of Material Fact Precludes Summary Judgment in Favor of the Plaintiff</u>

To defeat the Plaintiff's Motion for Summary Judgment, the Defendant must produce ***evidence showing that there are material facts in dispute*** regarding Plaintiff's legal arguments. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326-27 (1986) (emphasis added). A material fact is one upon which the outcome of the litigation depends. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986). Furthermore, when the Plaintiff has established that there is an absence of genuine issues of material fact, the ***burden is upon the nonmoving party to come forward with evidence establishing and challenging*** the facts set forth by the moving party. *Id*. (emphasis added).

Applying the above to the case at hand, Defendant has failed to provide specific evidence (i.e. facts) that show an existence of genuine issues of material fact for this Court to determine at trial. Specifically, the Defendant has broadly asserted that an "Innocent Spouse" determination is a genuine issue of material fact without identifying any of the alleged disputed facts or how this merely procedural determination will impact the outcome of this case. In fact, the Defendant makes conclusory statements that have no legal bearing on whether an "Innocent Spouse" determination will defeat, or if there is a question of fact or law that such determination will defeat, 11 U.S.C. § 523(a)(15)'s requirement that the Defendant pay her equal share of the IRS debt as outlined in the Defendant's and the Plaintiff's Divorce Decree dated February 23, 2010. In sum, no genuine issues of material fact remain to be determined in this case. Only legal issues remain, and those issues must be resolved in favor of the Plaintiff.

### B. <u>Conclusion</u>

The Defendant has failed to raise any genuine issues of material fact or provide any relevant evidence that would change the outcome of this determination. The Defendant has side-stepped or failed to address the merits of the Plaintiff's arguments, thus, continuing to delay, at great cost to this Court's and the Plaintiff's time, the inevitable result that all IRS debts due and owing to the Plaintiff by the Defendant, which arose out of the Divorce Decree and Judgment, are deemed non-dischargeable in Defendant's Chapter 7 Bankruptcy case as mandated by case law and 11 U.S.C. §§ 523(a)(15). For all of the reasons stated above, the Plaintiff again respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment without further delay. Specifically, the Plaintiff respectfully requests this Court to enter a judgment against the Defendant:

1) In the amount of $13,622.85 plus interest accruing thereon since December 19, 2013 at the statutory rate, together with interest thereon at the highest rate allowable by law, from the date of judgment until paid in full;

2) For Defendant's equal share of any unpaid tax liabilities as required by the Divorce Decree dated February 23, 2010;

3) For the Plaintiff's reasonable attorneys' fee incurred herein; and

4) For such other and further relief as this Court deems just and proper.

**THE LAW OFFICE OF ADAM HAUF**

By: /s/ Adam E. Hauf
*Adam Hauf*
*Attorney for Plaintiff*

Copy of the foregoing has been mailed via USPS
first class this the 5th day of December 2014, to:

Courtney Lage
PO Box 13344
Scottsdale, AZ 85267

Office of the US Trustee
230 N First Ave, Suite 104
Phoenix, AZ 85003

/s/ Ariel C. Motz